U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 23 2009

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| PEGGY SUE KNOX | CIVIL ACTION NO. 07-606 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CITY OF MONROE AND DON HOPKINS | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion to Alter Judgment [Doc. No. 81] filed by Defendants City of Monroe ("the City") and Don Hopkins ("Hopkins"). Defendants filed a Motion for Partial Summary Judgment [Doc. No. 57] on Plaintiff Peggy Sue Knox's ("Knox") claims of race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981, through 42 U.S.C. § 1983. The Court granted the motion in part and denied it in part. [Doc. No. 80]. The Court granted the motion as to Knox's § 1981 claims against the City and against Hopkins in his official capacity. However, the Court denied the motion as to Knox's Title VII claim against the City and her § 1981 claim against Hopkins in his individual capacity. These two claims remain pending for trial.

A motion to alter or amend judgment is brought under Federal Rule of Civil Procedure 59(e). A district court has considerable discretion to grant or to deny a motion under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Id.* at 355. In order to prevail on a Rule 59(e) motion, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; (3) the need to correct a clear or manifest error of law or fact; or (4)

prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002). Defendants argue that the Court relied on manifest errors of fact in denying their Motion for Partial Summary Judgment.

In its Ruling [Doc. No. 79] on the Defendants' Motion for Summary Judgment [Doc. No. 57], the Court incorrectly stated that Hopkins imposed a "more restrictive" sick leave policy than that set forth in the City Employee Handbook ("Handbook") and the Collective Bargaining Agreement ("CBA") between the City and the local union representing its employees. As Defendants point out, the Court misread the Handbook and CBA to require employees to maintain 12 **hours** of accrued sick leave. The Handbook and CBA require employees to maintain 12 **days** (or 96 hours) of accrued sick leave.

The Court hereby corrects its statements of fact in the Ruling [Doc. No. 79]. The second sentence of the third paragraph on page 3 is corrected as follows: Hopkins was aware of the polices contained in the City Employee Handbook ("Handbook") and the collective bargaining agreement ("the CBA") between the City and local union, but instituted a new absenteeism policy for Sanitation Department employees. *Cf.* [Doc. No. 79, p. 3, ¶ 3 (Second sentence originally read: "Hopkins was aware of the polices contained in the City Employee Handbook ('Handbook') and the collective bargaining agreement ('the CBA') between the City and local union, but instituted a new, more restrictive absenteeism policy for Sanitation Department employees.")].

The second sentence of the first paragraph on page 4 is corrected as follows: The Handbook states that employees are required to maintain a minimum of 12 days (96 hours) of accrued sick leave. *Cf.* [Doc. No. 79, p. 4, ¶ 1 (Second sentence originally read: "The Handbook states that employees are required to maintain a minimum of 12 hours of accrued sick leave.")].

2

Finally, the first sentence of the fourth paragraph on page 16 is corrected as follows: If the jury were to believe Knox's evidence and testimony, Hopkins created a new attendance policy that was different from that contained in the Handbook or CBA, failed to communicate the new policy, failed to apply the City's progressive discipline policy, and failed to warn Knox that she faced immediate discharge because of her absences. *Cf.* [Doc. No. 79, p. 16, ¶ 4 (First sentence originally read: "If the jury were to believe Knox's evidence and testimony, Hopkins created a new attendance policy that was more restrictive than that contained in the Handbook or CBA, failed to communicate the new policy, failed to apply the City's progressive discipline policy, and failed to warn Knox that she faced immediate discharge because of her absences.")].

However, Defendants do not seek a mere correction of the facts in this matter. They contend that, under Rule 59(e), the Court should reverse its denial of the Motion for Partial Summary Judgment on Knox's two remaining claims. Defendants argue that, in denying the Motion for Partial Summary Judgment, the Court improperly relied on the erroneous fact that Hopkins failed to communicate a more restrictive attendance policy to employees. Defendants argue further that the Court also improperly relied on "disputed facts unrelated to intentional race discrimination when deciding [whether] plaintiff raises a genuine issue of material fact." [Doc. No. 81, p. 3 (bolding deleted)]. Specifically, Defendants take issue with the Court's reliance on the disputed facts as to whether Hopkins "'failed to communicate the new policy . . . and failed to warn Knox that she faced immediate discharge because of her absences.'" [Doc. No. 81, p. 3 (quoting [Doc. No. 79, p. 16)]. Defendants argue that this is not a "due process" case, but one in which Knox alleges intentional race discrimination, and, thus, the issue of notice "is unrelated to intentional race discrimination or the veracity of Hopkins's legitimate, non-discriminatory reason for discharging Knox." [Doc. No. 81, p. 3].

3

The Court disagrees. Under the correct Supreme Court standard, as previously cited, once a plaintiff has met her prima facie burden, it is this Court's job in reviewing a motion for summary judgment to determine whether she has produced "'sufficient evidence to [allow a jury to] find that the employer's asserted justification is false.'" *McArdle v. Dell Products, L.P.*, No. 07-51159, 2008 WL 4298840, at *6 (5th Cir. Sept. 22, 2008) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000)). The Supreme Court is clear that the prima facie case, plus sufficient evidence to raise a genuine issue of material fact as to the veracity of the employer's reason for discharge, is enough. 530 U.S. at 149. In this case, Defendants concede that Knox met her prima facie burden for purposes of summary judgment. The remaining evidence is sufficient for the jury to question whether the City truly discharged Knox for excessive absenteeism. While Defendants focus on the "notice" issue, the Court's Ruling was not based simply on Hopkins's failure to tell Knox about the new policy. Instead, the Court considered all the facts and circumstances leading up to and following Knox's discharge. Hopkins, a black supervisor, discharged Knox, a white employee, for allegedly violating an attendance policy that he did not tell her about, without warning her that her job was in jeopardy in two discussions about her absences, without following the City's progressive discipline policy, and in contradiction to the only written warning she was given. Of particular note to the Court was the fact that the Handbook, the CBA, Hopkins's October 2004 written warning to Knox, and other evidence all indicated that Knox complied with policy by providing a doctor's excuse for her January 27, 2005 absence, but was discharged anyway. Then, shortly after Knox's discharge, Hopkins replaced her with a black woman. Defendants have not presented the Court with any "'unusual circumstances' that would preclude the trier of fact from finding for" Knox based on this evidence. *McCardle*, 2008 WL 4298840, at *6 (quoting *Reeves*, 530 U.S. at 149). The

totality of the evidence, including Knox's prima facie case, is sufficient to survive summary judgment.

Defendants' Motion to Alter Judgment [Doc. No. 81] is DENIED. However, the Court corrects the factual statements contained in the Ruling identified above to correspond with the evidence.

MONROE, LOUISIANA, this 23 day of January, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE